## WILLIAM STEVENS *vs.* JOHN S. GRAY.

An award is not evidence unless made conformably with the submission.

A general plea cannot be restricted to a particular count for the purpose of letting in evidence.

An arbitrator may be examined to prove that certain matters were not considered by the referees.

CAPIAS debt. The narr. had seven counts. 1st, On a bill obligatory for $11 82; 2d, on another of same date for $40 00; 3d, another for $45 48; 4th, for goods sold and delivered, $52 75; 5th, money lent and advanced, $15 25; 6th, money paid, laid out and expended, $5 18; 7th, for work and labor, $1 50. Pleas, former recovery and judgment; arbitrament and award, and tender of the sum found due; payment and set-off. Replications, to the plea of set-off, nil debet and issue; general traverse and issues as to the other pleas.

Under the second plea the defendant gave in evidence an arbitration bond, dated 14th October, 1836, to abide the result of an award to be made by certain arbitrators, so that it be made out under their hands on or before the 20th November. He also proved that the referees tried the case on the 19th of November, and agreed upon the award, but the same was not signed until after the 20th.

The referee who proved the award was asked if the plaintiff did not insist upon certain matters of claim other than the three notes, and if the same was not rejected by the arbitrators.

This was objected to by defendant's counsel as impeaching the award.

*Ridgely,* contra, insisted that if there were matters of claim of which the referees had notice, and which they refused to consider, this might be proved.

*Per Curiam.*—An arbitrator may be examined to prove that certain matters were not considered. (2 *Stark. Ev.* 87.) But a preliminary question here is, whether any award has been made conformable to the submission. If there be no award, it is useless to inquire what it is supposed to cover, or what may be inquired into as against it. The submission was with a proviso that the award should be made out under the hands and seals of the arbitrators, on or before the 20th November, ready to be delivered. The evidence is, that it was not signed or ready for delivery until after that day. Our impression is, that this is a fatal objection to the award; but we will hear the defendant's counsel if they think fit to argue it. Not being made in time, and never delivered to the party, the award is not admissible in evidence.

The defendant's counsel gave it up, but, under the plea of former recovery, they offered the record of three suits and judgments on the three notes mentioned in the narr.

*Ridgely*, for plaintiff, in reply, offered the record of this court, showing the reversal of all three of these judgments on certiorari.

*Cullen* and *Brinckloe* objected, that under the pleadings it was not competent for the plaintiff to give in evidence this reversal. We have pleaded a former recovery, and the plaintiff has denied it by a general traverse. We have shown the recovery. How then can he answer without pleading it, that the judgment on this recovery has been reversed. A plea of such reversal would be a plea of confession and avoidance; admitting the recovery and avoiding it. And the plea must necessarily have stated the time and manner of reversal, which would have given us notice.

*Ridgely.*—The plea of former recovery is a general one to all the counts in the narr. It is a general plea to every matter contained in the narr. The recovery offered applies only to the notes or single bills, and is therefore no support of the plea. But supposing the plea to apply only to the first three counts, the question arises whether the judgments, having been reversed on certiorari, are not a mere nullity, and not admissible to support a plea of former recovery.

*The Court* stopped him. It is not necessary to argue or decide that point. The plea is of a recovery on all the matters mentioned in the narr., and evidence of a recovery as to part will not do.

The plaintiff had a verdict, $117.

*Ridgely*, for plaintiff.
*Cullen* and *Brinckloe*, for defendant.